Argued October 17, reversed December 27, **1916.**

# STATE *v.* BOOTH.

### (161 Pac. 700.)

**Criminal Law—Evidence—Declarations of Conspirator—Statute.**

1. Under Section 727, subdivision 6, L. O. L., providing that after proof of a conspiracy the declarations or acts of a conspirator against his co-conspirator relating to the conspiracy may be admitted, declarations of an alleged co-conspirator, jointly indicted and separately tried, were inadmissible, where no evidence of a conspiracy had been offered.

**Criminal Law—Instructions—Conspiracy—Evidence.**

2. In a trial for homicide under a joint indictment with a separate trial, an instruction upon conspiracy to commit crime, though proper as abstract statement of law, was erroneous, where there was no evidence of a conspiracy or common design on the part of the defendants to take the life of the deceased.

**Homicide—Appeal—Harmless Error—Instruction.**

3. Such instruction was prejudicial to defendant.

From Yamhill: HARRY H. BELT, Judge.

The defendant, Anna Booth, was indicted, tried and convicted of murder in the second degree, and from the judgment and sentence imposed she appeals. Reversed and cause remanded for a new trial.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. McCain, Vinton & Burdett,* with an oral argument by *Mr. W. T. Vinton* and *Mr. James E. Burdett.*

For the State there was a brief with oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. Roswell L. Conner,* District Attorney.

Department 1. MR. JUSTICE BENSON delivered the opinion of the court.

The facts of this case are sufficiently set out in the opinion of *State v. Branson, ante,* p. 377. The defend-

ants were jointly indicted, and upon separate trials were both convicted of murder in the second degree. The testimony in both cases was substantially the same

1. There are several assignments of error, but we deem it necessary to consider only those which have to do with the question of conspiracy. Upon the trial of this defendant the witness Milton Booth was permitted to testify, over the objection of defendant, to a conversation between himself and the codefendant, William Branson, held in July preceding the homicide, in which Branson said, "Bill Booth is very jealous, ain't he?" to which the witness replied: "Yes; and not only that, Billy, but he always was." Whereupon Branson continued, "If Bill Booth wants to shoot, he can shoot and be damned," and the witness answered, "Tut, tut, such talk as that," and Branson then said, "Well, I mean it; if Bill Booth wants to waylay, he can waylay; I can waylay, too." The witness replied, "Why, Billy, to talk that way," and Branson repeated, "Well, I mean it." At the close of the state's case, defendant moved to strike out this testimony and withdraw it from the consideration of the jury upon the ground that no evidence of a conspiracy had been offered and that this conversation was inadmissible under the provisions of Section 727, subdivision 6, L. O. L., which reads as follows:

"In conformity with the preceding provisions, evidence may be given on the trial, of the following facts: * * 6. After proof of a conspiracy, the declaration or act of a conspirator against his co-conspirator, and relating to the conspiracy."

This evidence was clearly inadmissible as against this defendant, and the motion to strike should have been allowed.

2, 3. The court also gave the jury several instructions upon the subject of conspiracy to commit crime, notably the following:

"In this case, however, you should bear in mind the instructions which I have heretofore given you that, if the defendant and William Branson were acting together with the common design to bring about the death of William Booth in the manner and as charged in the indictment, it would not be necessary for both of them to be actually present at the place and time of the alleged crime; for, as I have stated to you before, each codefendant is bound by the act of the other in the furtherance and execution of a common design. Now then, you should determine first, Were they acting together in such common design? If they were not acting together in such design, and Mrs. Booth was not present at the time and place of the alleged killing, then it would necessarily follow that it would be impossible for her to have committed the crime. But if they were acting together in a common design, then it does not make any difference whether she was present or not, if she aided, counseled, and abetted Branson in the commission of the crime."

We have no fault to find with the abstract statement of the law as expressed in this charge, and in a proper case it should be given; but we have made a careful and thorough analysis of all the testimony herein, and have been unable to find a scintilla of evidence tending in any manner to show a conspiracy or common design on the part of the defendants to take the life of William Booth. As was said in *State* v. *Branson,* *ante,* p. 377, the companion case, it is well settled that it is error to instruct a jury upon abstract questions in regard to which there is no evidence in the record. It needs no argument to show that such instruction was prejudicial to the defendant's interests.

The judgment is reversed and the cause remanded for a new trial.   REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HARRIS and MR. JUSTICE McBRIDE concur.